# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| GLENDA R. KIDD, | : | |
| Claimant, | : | |
| v. | : | CASE NO. 3:07-CV-94 (CDL) |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ failed to properly evaluate the opinions of Claimant's treating physician?**

II. **Whether the ALJ erred in failing to find Claimant disabled pursuant to the Medical Vocational Guidelines?**

### Administrative Proceedings

Claimant protectively filed for a period of disability and disability benefits on July 22,

2003.² (T-50). Claimant's application was denied initially and on reconsideration. Claimant then filed a request for a hearing before an administrative law judge (ALJ), which was held on August 22, 2006. (T-280). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated September 28, 2006. (T-18-22). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-5-7).

## Statement of Facts and Evidence

Claimant alleges that she is disabled due to arthritis, chronic pain, obesity, asthma and depression. (T-51). After examining the medical records, the ALJ determined that Claimant had depression, an impairment that was severe within the meaning of the Regulations but not severe enough to meet, or medically equal, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-20). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform the full range of semi-skilled work and that Claimant would be able to return to her past relevant work, thus determining that Claimant was not disabled. (T-22).

## DISCUSSION

**I.      Did the ALJ properly evaluate the opinions of Claimant's treating physician?**

Claimant first contends that the ALJ erred in discounting the opinion of Dr. R. David

---

²Claimant's original date of disability was December 15, 1996, but was amended to September 28, 2001 at the administrative hearing.

Mize, M.D., her treating physician. (R-9, p.5). Specifically, Claimant argues that the ALJ committed reversible error when he failed to give Dr. Mize's opinion substantial weight where there was no evidence presented to contradict his medical opinion. *Id*. It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

To give a medical opinion controlling weight the ALJ "must find that the treating sources's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id*.

The ALJ must weigh conflicting medical evidence and decide which opinions are entitled to the greatest weight. Social Security regulations confirm that the ALJ has discretion to weigh conflicting medical opinions. *See* 20 C.F.R. §§ 404.1527, 416.927. The law of this circuit is clear that the testimony of a treating physician must be given substantial

or considerable weight unless "good cause" is shown to the contrary. The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. "Good cause" is found to exist when the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (omitting internal citations).

It is found that the ALJ clearly articulated his reasons for giving less weight to the opinion of Dr. Mize and that his reasons constitute good cause. The ALJ based the decision on the evidence of record, medical records in evidence, the assessments and evaluations of state agency consultants, as well as the claims of pain and limitations as subjectively alleged by the Claimant which, based on the medical evidence, the ALJ found only partially credible. (T-21). Upon review of the entire record, the Commissioner appears to have committed no error in applying the proper legal standard in discounting the opinion of Dr. Mize, and substantial evidence supports his decision. Dr. Mize's treatment notes do not reflect the severity he alleges in his residual functional capacity assessment, and the other medical evidence does not support his findings. As such, no error is found in the ALJ's decision to discount the opinion of Dr. Mize.

**II.     Did the ALJ err in failing to find Claimant disabled pursuant to the Medical Vocational Guidelines?**

Claimant also argues that the ALJ should have found her disabled pursuant to the Medical-Vocational Guidelines. (R-9, p. 6). Specifically, the Claimant alleges that based on the medical opinion of Dr. Mize, wherein he found that she was limited to standing for

five minutes at a time and sitting for ten minutes at a time (each for less than two hours in a day), the ALJ erroneously failed to find that she was disabled using the Medical Vocational Guidelines (GRIDS). *Id.*

Claimant's argument that the ALJ was required to consult the GRIDS and determine Claimant was disabled is misguided. First, as noted above, the ALJ determined that Dr. Mize's opinion regarding the severity of her impairments was not credible in light of other evidence presented in this case. Second, and more importantly, the ALJ, per SSA regulations, is not required to consult the GRIDS unless he determines Claimant cannot return to her past relevant work, and moves to Step Five of the sequential evaluation process to determine if she can engage in other jobs in the national economy. *See* 20 C.F.R. §§ 404.1520, 416.920; 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00. In this case, because the ALJ did not find that the Claimant was unable to return to her previous work, he never proceeded to Step Five of the disability procedure. Thus, he was not required to rely on the GRIDS in determining whether there existed any work in the national economy which Claimant could perform. As such, Claimant's contention is without legal merit.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the

7

ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED**, this the 2nd Day of June, 2008.

                                            S/ G. MALLON FAIRCLOTH
                                            UNITED STATES MAGISTRATE JUDGE

eSw